1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RODERICK MEANS,                              No.  2:13-cv-1048 AC

12                   Plaintiff,

13         v.                                     ORDER AND

14   MIKE BABECOCK, Warden,                       FINDINGS AND RECOMMENDATIONS

15                   Defendant.

16

17         Petitioner is a federal inmate incarcerated at the Herlong Correctional Institution, which is

18   located in the Eastern District of California.  Petitioner, proceeding pro se, has filed a petition for

19   writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner seeks relief under

20   Apprendi v. New Jersey, 530 U.S. 466 (2000), from a 1996 criminal judgment imposed in the

21   Northern District of Alabama.  Id.  Respondent has answered, seeking dismissal of the petition for

22   lack of jurisdiction.  ECF No. 10.

23                        FACTUAL AND PROCEDURAL BACKGROUND

24         Petitioner was indicted on July 13, 1995, in the Northern District of Alabama, on drug

25   trafficking charges.  United States v. Means, 2:95-CR-00129 (N.D. Ala.).[1]  On March 18, 1996,

26

27   _____

     [1]  Subsequent citations to court documents identified by "Doc. No." refer to the Alabama case.
     Citations to "ECF No." refer to documents filed in the instant case.

28

                                                  1

following a jury trial, petitioner was found guilty of conspiracy to distribute a controlled

substance, distribution of a controlled substance, unlawful use of a communication facility,

distribution of a controlled substance near schools and colleges, and money laundering.  On May

29, 1996, petitioner was sentenced to life imprisonment for the drug trafficking offenses, with a

concurrent 240-month sentence for money laundering and 48-month sentence for unlawful use of

a communication facility.  Doc. No. 712.

Petitioner appealed, and the Fifth Circuit affirmed the conviction and sentence on

December 15, 1998.  Doc. No. 973.

Petitioner filed a motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C.

§ 2255, on November 30, 1999.  Doc. No. 1072.  The motion was denied on January 31, 2003.

Doc. No. 1351.

Petitioner filed a motion for Writ of Error Coram Nobis on June 24, 2004.  Doc. No. 1464.

The motion was denied on July 7, 2004.  Doc. No. 1465.

On May 23, 2008, petitioner filed a Motion for Retroactive Application of Sentencing

Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582, seeking to reduce his

sentence under Amendment 707 to the Sentencing Guidelines.  The motion was denied on

January 12, 2009.  Doc. No. 1753.  Petitioner's subsequent appeal was dismissed by the Fifth

Circuit.  Doc. No. 1786.

On April 19, 2012, petitioner filed a Motion for Retroactive Application of Sentencing

Guidelines to Crack Cocaine Offenses pursuant to 18 U.S.C. § 3582(c)(2), seeking to reduce his

sentence based upon Amendment 750 to Sentencing Guidelines and the Fair Sentencing Act.

Doc. No. 1871.  This motion was granted on June 4, 2012, and petitioner's sentence was reduced

from life imprisonment to 324 months imprisonment.  Doc. No. 1880.

The petition for writ of habeas corpus was filed in this court on May 28, 2013.  Petitioner

contends that his conviction and sentence violate Apprendi, supra, because the jury's general

verdict forms did not reflect findings of a specific drug or quantity.  ECF No. 1 at 3-7.

////

////

2

DISCUSSION

28 U.S.C. § 2241 provides the vehicle for a federal inmate to challenge the manner, location or conditions of a sentence's execution, and must be brought in the custodial district. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam).  A motion under § 2255 is the exclusive means for a federal inmate to test the legality of the sentence itself, and the various restrictions on § 2255 relief may not be avoided by styling a request for sentencing relief as a habeas petition pursuant to § 2241.  Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007).  In order to determine whether jurisdiction is proper, the reviewing court must determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue.  Hernandez, 204 F.3d at 865.

The § 2241 petition filed here challenges not the conditions of petitioner's confinement but the legality of his sentence.  Jurisdiction therefore does not lie under § 2241 unless petitioner qualifies for the sole exception to the rule that § 2241 does not permit challenges to a criminal judgment.  A federal prisoner may contest the legality of his conviction or sentence in a § 2241 petition only where his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  Hernandez, 204 F.3d at 865; Stephens, 464 F.3d at 897.  This exception is known as the § 2255 "escape hatch."  Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).  It is a narrow exception.  Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.), cert. denied, 540 U.S. 1051 (2003).

Petitioner's Apprendi claim does not qualify.  Section 2255's remedy is not "inadequate or ineffective" merely because of that statute's gatekeeping provisions.  Ivy, 328 F.3d at 1059.  A § 2241 petition is available pursuant to the "escape hatch" only where a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim.  Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060).  Both requirements must be satisfied, and petitioner satisfies neither.  He makes no claim of actual innocence.  He also makes no showing that he was denied an unobstructed procedural shot at presenting his claim.  Apprendi was decided while petitioner's initial § 2255 motion was pending in district court.  Petitioner filed motions to amend, requests for miscellaneous relief, and various supporting documents repeatedly

after Apprendi was decided and before his § 2255 motion was denied.[2]  He makes no showing

that he was prevented from amending his motion to add an Apprendi claim.  This case is thus

clearly distinguishable from Stephens, in which the petitioner did not have an unobstructed prior

shot at the claim because the change in law, which gave rise to his claim, occurred after the denial

of his first § 2255 motion had been affirmed on appeal.  Stephens, 464 F.3d at 898.  Because

petitioner here does not qualify for the escape hatch, this court lacks jurisdiction under § 2241 to

entertain the petition.  See id. at 899 (affirming dismissal for lack of jurisdiction where § 2241

petition challenged legality of conviction and sentence, and "escape hatch" exception to § 2255

did not apply).

Because this court lacks jurisdiction under § 2241, dismissal is appropriate.  Id.  Under

other circumstances, the court might exercise its discretion to construe the petition as a § 2255

motion and transfer it to the Northern District of Alabama rather than dismissing it outright.  For

the reasons which follow, however, this would be a futile act.

First, petitioner has already filed one § 2255 motion, which was denied with prejudice.

Means, 2:95-CR-00129 (N.D. Ala.), Doc. Nos. 1072, 1351.  Accordingly, he may proceed with a

subsequent motion only if authorized to do so by the United States Court of Appeals for the Fifth

Circuit.  See 28 U.S.C. § 2244(a), (b)(3).  Petitioner makes no showing that he has received the

necessary authorization.  Accordingly, construing the petition as a § 2255 motion would require

its dismissal as an unauthorized successive motion.

Second, a § 2255 motion is subject to a one-year statute of limitations, which generally

runs from the finality of conviction.  § 2255(f).  Where a claim is based on a rule of law

announced after a conviction has become final, the limitation period runs from "the date on which

the right asserted was initially recognized by the Supreme Court" – but only if that right has been

---

[2]  Apprendi was decided on June 26, 2000.  530 U.S. 466.  Petitioner's § 2255 motion was pending from November 30, 1999 to January 31, 2003.  Means, 2:95-CR-00129 (N.D. Ala.), Doc. Nos. 1072, 1351.  The docket reflects that petitioner filed supporting documents, motions to amend, and requests for miscellaneous relief eight times following the Apprendi decision: on July 18, 2000 (Doc. No. 1144), August 8, 2000 (Doc. No. 1156), August 30, 2000 (Doc. No. 1170), October 17, 2000 (Doc. No. 1199), December 1, 2000 (Doc. No. 1218), January 17, 2001 (Doc. No.1222 ), July 26, 2001 (Doc. No. 1240), and August 1, 2002 (Doc. No. 1317).

"made retroactively applicable to cases on collateral review." 2255(f)(3).  Apprendi was decided almost fifteen years ago.  Moreover, the date of the decision does not support a delayed trigger date for the statute of limitations because the Supreme Court has never made Apprendi retroactively applicable to cases on collateral review.  In Schriro v. Summerlin, 542 U.S. 348 (2004), the Court held that Ring v. Arizona, 536 U.S. 584 (2002), Apprendi's direct progeny, does *not* apply retroactively to cases already final on direct review.  Accordingly, construing the petition as a § 2255 motion would require its dismissal as untimely.

The retroactivity problem presents a final, and insurmountable, hurdle even apart from the timeliness issue.  The Ninth Circuit has held unequivocally that "Apprendi does not apply retroactively to cases on . . . collateral review."  United States v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir. 2002).  Accordingly, petitioner's claim is foreclosed as a matter of law, and could not proceed even if it could be brought under § 2241 or if a second or successive § 2255 motion were both authorized and timely.

Accordingly, IT IS HEREBY ORDERED that the Clerk randomly assign a district court judge to this case.

IT IS FURTHER RECOMMENDED that the petition be dismissed for the reasons explained above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 9, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5